IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tyrone JOHNSTON, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | NO. 19-667 |
| | : | |
| v. | : | |
| | : | |
| Kevin RANSOM,[1] et al., | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this **9th** day of **September, 2020,** upon careful and independent consideration of the Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 2) and the Commonwealth's response thereto (ECF No. 14) and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated January 6, 2020 (ECF No. 15), and Petitioner's objections thereto (ECF No. 22), it is hereby **ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Lynne A. Sitarski (ECF No. 15) is **APPROVED** and **ADOPTED**;[2]

---

[1]    Rule 2(a) of the Rules Governing Section 2254 cases states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Petitioner named "Lawrence Mahally" as Respondent, the Superintendent of SCI Dallas at the time he filed the petition. Since that time, Superintendent Kevin Ransom has taken over as Superintendent of SCI Dallas. As Petitioner is proceeding pro se, the Court will construe his petition liberally and direct the Clerk of Court to revise the caption to name Kevin Ransom, Superintendent, SCI Dallas.

[2]    Petitioner raises three ineffective assistance of counsel claims based on his counsel's: (1) presenting testimony of an alibi witness; (2) failing to call a ballistics expert; and (3) failing to move for a mistrial based on a Commonwealth witness' passing statement.

2. The petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 2) is **DENIED** without an evidentiary hearing;

3. There is <u>no</u> basis for the issuance of a certificate of appealability; and

4. The Clerk of Court shall mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

The Court analyzes Petitioner's claims follows: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

Petitioner has not demonstrated that his counsel's actions meet the <u>Strickland</u> standard. First, Petitioner stated that he wanted the alibi witness in question to testify on his behalf. Second, Petitioner failed to identify an expert witness or explain what evidence such an expert could have offered. Finally, the Commonwealth witness' stray remark did not implicate or prejudice Petitioner.

Federal Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation on January 6, 2020, recommending that the Court deny the Petition for Writ of Habeas Corpus. The Court agrees with Judge Sitarski's analysis and therefore will approve and adopt the Report and Recommendation to deny the Petition for Writ of Habeas Corpus.